IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CV-147-FL

| | |
|---|---|
| JOHN CHRISTIAN BLASINGAME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| TOWN OF LELAND, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for judgment on the pleadings, regarding plaintiff's first and third claims for relief (DE 12). Plaintiff has not responded, and the time for response has expired. In this posture the issues raised are ripe for ruling. For the following reasons, the court grants defendant's motion.

## BACKGROUND

Plaintiff filed suit against defendant on May 12, 2014, in Brunswick County Superior Court, asserting claims of breach of contract (first claim), violation of right to due process (second claim), and wrongful discharge in light of plaintiff's asserted medical condition (third claim), arising from plaintiff's discharge from employment with the Town of Leland as a member of the Leland Police Department, on or about April 20, 2012. Plaintiff seeks damages in excess of $10,000, and trial by jury. Defendant removed to this court on July 18, 2014, on the basis of federal question jurisdiction, and filed its answer on August 2, 2014. Per the court's case management order, entered September 22, 2014, the deadline for discovery completion is February 15, 2015.

Defendant filed its motion for judgment on the pleadings on October 16, 2014, arguing that plaintiff's first claim should be dismissed because plaintiff was an at-will employee, and that plaintiff's third claim should be dismissed because there is no common-law duty to accommodate an employee's disability.

**DISCUSSION**

A.  Standard of Review

In reviewing a motion for judgment on the pleadings, under Rule 12(c), the court applies "the same standard" as for motions to dismiss made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, to survive a motion for judgment on the pleadings, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether judgment on the pleadings should be granted, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. (quotations omitted).

B.  Analysis

1.  Breach of Contract

Defendant argues that plaintiff's breach of contract claim should be dismissed because plaintiff was an at-will employee. Plaintiff's breach of contract claim is based upon defendant's asserted failure to follow procedures contained in a town personnel policy, and by discharging

2

plaintiff on alleged grounds for which plaintiff previously had been disciplined, or for which his supervisors had already elected not to discipline him. (Compl. ¶ 21). North Carolina, however, "is an at-will employment state." Knight v. Vernon, 214 F.3d 544, 553 (4th Cir. 2000). As such "an employer's personnel manual or policies are not part of an employee's contract of employment unless expressly included in that contract." Id. (quoting Soles v. City of Raleigh Civil Serv. Comm'n, 345 N.C. 443 (1997)).

Although the complaint references a personnel policy, such policy is not attached to the complaint. Defendant, however, attaches a copy of its personnel policy to its answer. The court may consider such documents "as they are integral to the complaint and authentic." Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012). The policy makes clear that the employment relationship between plaintiff and defendant was "terminable at the will of either at any time and with or without cause and with or without notice." (DE 6-1 at 2). In addition, the policy makes clear that it is not itself a contract nor incorporated into one.

As such, absent any alleged contract providing terms of employment beyond at will employment required under North Carolina law, plaintiff's breach of contract claim fails as a matter of law. Therefore, plaintiff's first claim must be dismissed with prejudice.

2. Wrongful Discharge

Plaintiff asserts that he was wrongfully discharged in violation of public policy because defendant was aware that plaintiff was suffering from post-traumatic stress disorder at the time of his discharge, and failed to consider that disorder in determining whether to discharge him. Defendant argues that plaintiff's third claim should be dismissed because there is no common-law

3

Case 7:14-cv-00147-FL   Document 14   Filed 12/29/14   Page 3 of 4

duty to accommodate an employee's disability.

Under North Carolina common law, under which plaintiff's claim arises, an employee's illness or disability is cause to terminate an employee. "A contract of employment for personal services is terminated by the death of the servant, or where by reason of insanity, sickness, or other disability, or conviction of a felony he is unable to perform his contract, unless the parties have contracted to the contrary." Haynes v. Winston-Salem Southbound Ry. Co., 252 N.C. 391, 397 (1960). "The fact that the servant is incapacitated by causes beyond his control, or, as it is termed, by the act of God, does not deprive the master of his right to terminate the contract." Id. As such, the fact that defendant terminated plaintiff without considering plaintiff's illness cannot form the basis for a common law claim for wrongful discharge under North Carolina law. Therefore, plaintiff's wrongful discharge claim must be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's first and third claims for relief are DISMISSED WITH PREJUDICE. Plaintiff's second claim for relief (due process) remains.

SO ORDERED, this the 29th day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge