IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CV-147-FL

| | |
|---|---|
| JOHN CHRISTIAN BLASINGAME, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF LELAND, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on defendant's motion for summary judgment, regarding plaintiff's second claim for relief (DE 15). Plaintiff did not respond, and the time for response has expired. In this posture the issues raised are ripe for ruling. For the following reasons, the court grants defendant's motion.

### BACKGROUND

Plaintiff filed suit against defendant on May 12, 2014, in Brunswick County Superior Court, asserting claims of breach of contract (first claim), violation of right to due process (second claim), and wrongful discharge in light of plaintiff's asserted medical condition (third claim), arising from plaintiff's discharge from employment with the Town of Leland as a member of the Leland Police Department, on or about April 20, 2012. Plaintiff seeks damages in excess of $10,000, and trial by jury. Defendant removed to this court on July 18, 2014, on the basis of federal question jurisdiction, and filed its answer on August 2, 2014.

Defendant filed a motion for judgment on the pleadings on October 16, 2014, arguing that plaintiff's first claim should be dismissed because plaintiff was an at-will employee, and that plaintiff's third claim should be dismissed because there is no common-law duty to accommodate an employee's disability. Plaintiff did not respond to the motion. On December 29, 2014, the court granted defendant's motion for judgment on the pleadings, dismissing plaintiff's first and third claim.

On March 16, 2015, defendant filed the instant motion for summary judgment on the sole remaining second claim. Defendant argues that plaintiff's due process claim fails because plaintiff is an at-will employee. Defendant attaches to its motion for summary judgment the Town of Leland personnel policy, which states, in pertinent part:

> The employment relationship between the Town and the employee is terminable at the will of either at any time and with or without cause and with or without notice. No employee, officer, agent or representative of the Town has any authority to enter into any agreement or representation, verbally or in writing, which alters, amends, or contradicts this provision or other provisions in these policies. Any exception to this policy of "at will" employment must be expressly authorized in writing, approved by the Town Council and executed by the officers designated by the Town Council.

(DE 15-1 at 3). The personnel policy is the only evidence submitted by defendant in support of its motion for summary judgment. Defendant posits that this evidence is dispositive as to plaintiff's claim, and defendant does not otherwise provide any evidence regarding the background facts to the case as summarized in the complaint. As noted, plaintiff did not respond to the motion, and has not produced any evidence to raise a genuine issue of material fact.

**COURT'S DISCUSSION**

A.   Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

B.   Analysis

Defendant has met its initial burden of demonstrating the absence of any genuine issue of material fact as to plaintiff's second claim. "The procedural safeguards encompassed by the due process clause extend to [plaintiff's] continued employment only if [he] had a property interest in that employment." Pittman v. Wilson Cnty., 839 F.2d 225, 226 (4th Cir. 1988). Where a plaintiff is "merely an 'at-will' employee, [he] did not have a property interest in [his] position of employment" with a municipality in North Carolina. Id. at 229. In such circumstances, he will not be "entitled to the protections of due process with respect to the termination of [his] employment." Id.

Here, per the Town of Leland personnel policy, plaintiff is an at will employee. As a result, plaintiff did not have a property interest in his position of employment. Therefore, he is not entitled

3

to the protections of due process with respect to the termination of his employment. Where defendant has met its initial burden of demonstrating the absence of any genuine issue of material fact as to plaintiff's second claim, the burden falls upon plaintiff to affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. See Matsushita Elec. Indus. Co., 475 U.S. at 586–87. Absent any showing made by plaintiff, plaintiff has failed to meet this burden on summary judgment.

Accordingly, summary judgment must be granted in favor of defendant as to plaintiff's second claim for relief.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 15) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge